UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN AOUN,

        Plaintiff,

v.

CITY OF DEARBORN and CITY OF
GARDEN CITY,

        Defendants.

_____/

Case No. 2:25-cv-14168

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DISMISSING IN PART, STAYING IN PART, AND ADMINISTRATIVELY CLOSING CASE [17, 18, 19, 24]

Hassan Aoun sued the cities of Dearborn and Garden City and alleged various constitutional violations. ECF No. 9. But because hearing the case would likely require federal interference in ongoing state criminal proceedings, the Court must abstain. For the following reasons, the Court will dismiss Aoun's claims for equitable relief without prejudice and stay the remainder of the proceeding until the conclusion of the underlying state criminal case.

## BACKGROUND

I.    Factual Background

According to Plaintiff, the Dearborn Police Department has been investigating him since 2020. *See* ECF No. 9, PageID.46. The investigations purportedly resulted in two warrants. First, in 2020, the Michigan State Police executed a search warrant in Garden City that was "sworn by" a Dearborn police officer. *Id.* at PageID.45. Plaintiff alleged the warrant was "void ab initio" because "Dearborn officers lacked

1

lawful jurisdiction to initiate or seek a warrant in Garden City." *Id.* Then in 2025, Garden City police officers pulled over and executed an arrest warrant for Plaintiff Hassan Aoun, apparently at the direction of Dearborn police officers. *Id.* at PageID.46–47. He alleged the arresting officer used excessive force during the interaction. *Id.* at PageID.47. After his arrest, Plaintiff was detained for seven days. *Id.* at PageID.48. He was placed on a tether as a condition of release. *Id.* Then, according to Plaintiff, the City of Dearborn caused his information to be "disseminated on social media platforms affiliated with the city, with the intent to humiliate and retaliate against Plaintiff." *Id.*

After his release, Plaintiff sued the City of Dearborn and Garden City pursuant to § 1983 and brought seven counts for violations of his First, Fourth, Sixth, and Fourteenth Amendment rights. *Id.* at PageID.48–49. He sought declaratory and injunctive relief as well as compensatory and punitive damages totaling $500,000,000. *Id.* at PageID.50.

II.   Procedural History

Plaintiff moved for early, court-supervised discovery a week after he filed his complaint because he learned Defendants intended to file a motion to dismiss in lieu of an answer. ECF No. 8. The Court denied the motion and explained that it would not schedule a Rule 16 conference and thereby commence discovery until Defendants answered the complaint. ECF No. 10.

Both defendants moved to dismiss in lieu of answering the complaint. ECF Nos. 17, 18. The same day, Plaintiff moved to convert the motions into motions for

summary judgment and again requested the Court to permit discovery before ruling on the motions. ECF No. 19. Defendants then moved to "stay" discovery pending the Court's decision on its motion to dismiss, ECF No. 23, even though the Court had already explained that it would not hold a Rule 16 conference—thus commencing discovery—until Defendants answered, ECF No. 10, PageID.53. And, of course, Defendants need not answer the complaint until the Court has ruled on the motions to dismiss. Fed. R. Civ. P. 12(a)(4)(A). Plaintiff titled his response opposing the motion "emergency expedited motion for temporary restraining order and response in opposition." ECF No. 24. Over Plaintiff's objection, the Court granted Defendants' motion for the reasons stated in its prior order, ECF No. 10. Dkt. 02/02/2026—Minute Entry.

**LEGAL STANDARD**

Federal courts should "abstain from entertaining" an action if it threatens "undue interference with state proceedings." *Aaron v. O'Connor*, 914 F.3d 1010, 1016 (6th Cir. 2019) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2012)). Federal courts may abstain under *Younger v. Harris*, 401 U.S. 37 (1971) "when there is an ongoing state criminal prosecution." *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017); *see also New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989).

Generally, *Younger* abstention is appropriate when the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) afford an adequate opportunity to raise constitutional challenges. *Sun Refining & Marketing Co. v.*

3

*Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). *Younger* may apply whether the plaintiff requests legal relief, equitable relief, or both. *Schilling v. White*, 58 F.3d 1081, 1084 n.3 (6th Cir. 1995) ("[O]ur Circuit has recognized that the relevant inquiry when considering abstaining under *Younger* is the nature and degree of the state's interest in its judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages.").

But the relief sought impacts how the Court disposes of the case. If the Court abstains under *Younger*, the proper course of action is to dismiss without prejudice claims for equitable relief and stay claims for legal relief. *Aaron*, 914 F.3d at 1020–21; *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "[A]lthough abstention sounds in equity, abstention principles guide federal courts in exercising control over the litigation of legal claims." *Brakebill v. Moncier*, No. 3:14-cv-105, 2014 WL 10212897, at *4 (E.D. Tenn. Dec. 17, 2014) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–21 (1996)).

## DISCUSSION

Based on the facts alleged, the Court must abstain under *Younger*. The events leading to Plaintiff's criminal case are the subject of his complaint in the instant case. Granting the relief sought here would interfere with the state proceeding—namely, it would require the Court to find aspects of the prosecution unconstitutional. For example, Plaintiff brought a § 1983 claim that the October 2025 stop violated the Fourth and Fourteenth Amendments. ECF No. 9, PageID.48–49. Plaintiff sought

both equitable relief—including an injunction—and monetary damages. *Id.* at PageID.50. Thus, the Court should abstain if the *Middlesex* factors are present. They are, so the Court will abstain.

First, a state proceeding is "ongoing" as long as there is a possibility of state appellate review. *Hayse v. Wethington*, 110 F.3d 18, 20–21 (6th Cir. 1997). Here, the state's criminal case against Plaintiff for delivery and/or manufacture of controlled substances, receiving and/or concealing firearms, and receiving and/or concealing stolen property is in its initial stages. *See* ECF No. 18-7 (showing that the case was bound over on January 12, 2026 after a preliminary hearing). The proceeding thus remains ongoing under *Younger*. And second, "[c]riminal prosecution is the paradigmatic example of an important state interest under the *Younger* doctrine." *Brakebill v. Moncier*, No. 3:14-cv-105, 2014 WL 10212897, at *5 (E.D. Tenn. Dec. 17, 2014).

Thus, because there is a pending state criminal proceeding that implicates important state interests, it is appropriate for the Court to abstain "so long as [Plaintiff has] an opportunity to present their constitutional claims in the pending state proceeding." *Id.* (citing *Juidice v. Vail*, 430 U.S. 327, 337 (1977)). Plaintiff bears the burden to show that state procedural law bars presentation of his constitutional claims. *Id.* (citing *Nimer*, 707 F.3d at 701). Plaintiff alleged unlawful search, stop, seizure, and detention; excessive force; unreasonable delay; and First Amendment retaliation. ECF No. 9, PageID.48–49. His claims related to the investigation and prosecution of his criminal proceeding can and should be vindicated there. Michigan

Courts routinely consider motions to suppress related to Fourth Amendment issues. *Bailey v. Michigan*, No.  2020 WL 4362291, at *2 (W.D. Mich. July 30, 2020) (citing *People v. Franklin*, 500 Mich. 92, 113–114 (2017)). And unreasonable delay could be grounds for dismissing the criminal case. *See People v. Pruitt*, 2001 WL 832985, at *3 (Mich. Ct. App. July 24, 2001). It is doubtful, however, that the claims for excessive force and retaliation could be raised in Plaintiff's criminal proceeding.

Because the requirements of *Younger* are met for Counts I and II, the Court must abstain from hearing them during the pendency of the state criminal proceeding. Instead of proceeding with a piecemeal discovery process, it is best to stay the entirety of the case in order to hear all related claims at once. "[T]he power to stay proceedings is incident to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (citation omitted).

The claims that likely cannot be vindicated in the state proceeding are nonetheless related to it. Discovery on Plaintiff's federal claims would overlap substantially, so proceeding with the case as a whole preserves judicial economy. And "it is in the interest of the fair and prompt administration of justice to discourage piecemeal litigation." *Kerr v. U.S. Dist. Ct. for the N. Dist. Cal.*, 426 U.S. 394, 403 (1976). The Court will thus exercise its inherent authority to stay the proceedings until the state proceedings are terminated. *See Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) ("Administrative closures are a tool of docket

management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases.") (citation modified).

In sum, "so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review the Defendants' actions relat[ed] to the prosecution. Plaintiff's complaint, which seeks only that relief, is properly dismissed without prejudice." *Merkle v. Calhoun Cnty. Sheriff*, No. 1:25-cv-1008, 2025 WL 2992221, at *3 (W.D. Mich. Oct. 24, 2025). Accordingly, the Court will dismiss without prejudice Plaintiff's claims for equitable relief related to Counts I and II; stay claims for legal relief related to Counts I and II; and stay all other claims. And because the case will remain stayed during the pendency of Plaintiff's criminal case, the Court will deny the motions to convert and for a temporary restraining order without prejudice.

**WHEREFORE**, it is hereby **ORDERED** that the motions to dismiss [17, 18] are **GRANTED IN PART** as described above.

**IT IS FURTHER ORDERED** that the remainder of the case is **STAYED** pending final resolution of *Michigan v. Hassan Aoun*, Case No. 26-000242-01 in the Wayne County Criminal Court.

**IT IS FURTHER ORDERED** that the motion to convert [19] and motion for temporary restraining order [24] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court must **ADMINISTRATIVELY CLOSE** the case.

7

**IT IS FURTHER ORDERED** that Plaintiff may **MOVE** to reopen the case within **thirty days of a final judgment** in the above referenced case. Plaintiff's motion to reopen must **SHOW CAUSE** for why the case should not remain administratively closed and must **INCLUDE** the final disposition of the state criminal proceeding.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 5, 2026

8